UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAUL GAGNE, Derivatively On Behalf Of FORD MOTOR COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES D. FARLEY, JR., et al.,<br><br>    Defendants,<br>and<br><br>FORD MOTOR COMPANY, A Delaware Corporation,<br><br>    Nominal Defendant. | Case No.: 24-cv-12486<br>Honorable Linda V. Parker |
| RICHARD RICH, Derivatively On Behalf Of FORD MOTOR COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES D. FARLEY, JR., et al.,<br><br>    Defendants,<br>and<br><br>FORD MOTOR COMPANY, A Delaware Corporation,<br><br>    Nominal Defendant. | (Consolidated from:<br>Case No. 2:24-cv-12906) |

*[Additional captions on following pages]*

| | |
|---|---|
| SURESH RAM, Derivatively On Behalf Of FORD MOTOR COMPANY,<br><br>　　　　　Plaintiff,<br>v.<br><br>JAMES D. FARLEY, JR., et al.,<br><br>　　　　　Defendants,<br>and<br><br>FORD MOTOR COMPANY, A Delaware Corporation,<br>　　　　　Nominal Defendant. | (Consolidated from: Case No. 24-cv-13160) |
| HAL YUROW, Derivatively On Behalf Of FORD MOTOR COMPANY,<br><br>　　　　　Plaintiff,<br>v.<br><br>JAMES D. FARLEY, JR., et al.,<br><br>　　　　　Defendants,<br>and<br><br>FORD MOTOR COMPANY, A Delaware Corporation,<br>　　　　　Nominal Defendant. | (Consolidated from: Case No. 24-cv-13222) |

| |
|---|
| BEREL ROSENFELD IRA and LEAH ROSENFELD IRA, Derivatively On Behalf Of FORD MOTOR COMPANY, <br><br>                Plaintiffs, <br>v. <br><br>JAMES D. FARLEY, JR., et al., <br><br>                Defendants, <br>and <br><br>FORD MOTOR COMPANY, A Delaware Corporation, <br>                Nominal Defendant. |

(Consolidated from: Case No. 25-cv-10119)

# ORDER GRANTING
## PLAINTIFFS BEREL ROSENFELD IRA AND LEAH ROSENFELD IRA'S MOTION FOR APPOINTMENT OF CO-LEAD COUNSEL

    This matter comes before the Court on the unopposed motion of Plaintiffs Berel Rosenfeld IRA and Leah Rosenfeld IRA to appoint Miller Law and Weiss Law as Co-Lead Counsel.[1]  Having considered the motion, as well as the

---

[1] Plaintiffs Berel Rosenfeld IRA and Leah Rosenfeld IRA also moved for consolidation of these matters.  However, the Court already has entered a consolidation order.  The motion would have been unnecessary had counsel, when filing their Complaint, identified the action as a companion matter to the earlier-filed, related derivative actions.  This was mandatory under Eastern District of Michigan Local Rule 83.11(b)(7)(C).  At that point, the Judges assigned the matters would have conferred, likely transferred the later-filed action to the undersigned pursuant to Eastern District of Michigan Local Rule 83.11(b)(7)(D),

accompanying exhibits, the Court **GRANTS** the motion and **ORDERS**, as follows:

1.  The consolidated cases are renamed and future filings shall use this caption:

| | |
|---|---|
| *In re Ford Derivative Litigation* | Case No.: 24-cv-12486<br>Honorable Linda V. Parker |

2. Having given due consideration to the relevant factors set forth in Federal Rule of Civil Procedure 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that the Proposed Co-Lead Counsel meet the adequacy requirements thereunder, The Miller Law Firm, P.C. and Weiss Law are appointed as Co-Lead Counsel in accordance with Rule 23(g)(3).

3. Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs, derivatively on behalf of Ford Motor Co., and to provide general supervision of the activities of Plaintiffs' counsel in the Action. Specifically, Co-Lead Counsel shall have the following responsibilities, duties, and sole authority to:

   a. Draft and file a consolidated complaint and have final authority regarding what claims and parties are to be included;

---

and the undersigned, after notice to the parties, would have sua sponte ordered consolidation under Local Rule 83.11(b)(2).

b. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, to the Court and opposing parties, the position of Plaintiffs on matters arising during the pretrial proceedings;

c. Coordinate and conduct discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Michigan, and the undersigned's Practice Guidelines;

d. Consult with and employ consultants and/or expert witnesses;

e. Conduct all pre-trial proceedings on behalf of Plaintiffs;

f. Enter any stipulations and agreements with Defendants;

g. Sign all papers filed on behalf of Plaintiffs;

h. Convene meetings of any or all Plaintiffs' counsel, as necessary;

i. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

j. Conduct settlement negotiations with Defendants;

k. Maintain an up-to-date service list of all Plaintiffs' counsel for any and all consolidated cases in this Action, and promptly advise the Court and Defendants' counsel of any changes thereto;

l. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

m. Appear at court-noticed status conferences and hearings;

n. Be the contact person for, and maintain authority on behalf of, all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

o. Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that the litigation on behalf of Plaintiffs is conducted effectively, efficiently, and economically;

p. Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Co-Lead Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

q. Maintain and collect time and expense records for work performed on a regular basis, including all time billed, costs incurred, and other disbursements made by Plaintiffs' counsel whose work Co-Lead Counsel has specifically authorized, and submit at the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this Action.  At such time as may be appropriate, Co-Lead Counsel will also recommend allocation of fees and expenses subject to the Court's approval;

r. Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

s. Perform such other functions as necessary to effectuate the above responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Co-Lead Counsel.

4. This Order shall apply to any action subsequently consolidated with this Action.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 4, 2025